UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

KENNETH MOUZON,

    Plaintiff,

v.                                      Case No. 5:21-cv-95-RV-MJF

MARK INCH, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Kenneth Mouzon, a prisoner proceeding *pro se*, has filed a fourth amended complaint under 42 U.S.C. § 1983, against five Defendants, claiming that they were deliberately indifferent to injuries he sustained after an inmate assault. Doc. 24. The undersigned recommends that Plaintiff's claims against four Defendants be dismissed for failure to state a claim upon which relief can be granted, and that this case be remanded to the undersigned for further proceedings on Plaintiff's claim against the remaining Defendant.[1]

---

[1] The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

I. **ALLEGATIONS OF PLAINTIFF'S FOURTH AMENDED COMPLAINT**

Plaintiff is an inmate of the Florida Department of Corrections ("FDC") confined at the Hardee Correctional Institution. Doc. 24. Plaintiff was confined at the Jackson Correctional Institution ("Jackson CI") at the time of the events giving rise to this lawsuit. Plaintiff's fourth amended complaint names five Defendants: Correctional Officer Supervisor D. Everett, Dr. Arron Scoggins, LPN Jodom, RN Roger, and Centurion Health. *Id*. at 2. Plaintiff states that he is suing the Defendants in their official capacities. *Id*. at 2.

Plaintiff alleges that on October 12, 2019, another inmate stabbed him in the face, lower back, and elbow. *Id*. at 3. Plaintiff was taken to the medical department. *Id*. at 3. Supervisor Everett documented Plaintiff's injuries by photographing them. *Id*. at 6.

No physician was on duty at the medical department. Nurse Roger called Dr. Scoggins at his residence, described Plaintiff's injuries, and recommended that Plaintiff be transported to a hospital. *Id*. at 3-4. Dr. Scoggins allegedly advised Roger to place Plaintiff in an isolation cell in the medical department and that he would see Plaintiff in the morning. *Id*. at 4.

Roger did as Dr. Scoggins instructed and placed Plaintiff in an isolation cell. *Id*. at 4. Plaintiff complains that Roger did not "give any medication to Plaintiff['s]

wounds" and "offered no sanitized pads to cover the wounds on Plaintiff to keep infections from Hepatitis C." *Id*. at 4.

Dr. Scoggins arrived the next morning and sutured Plaintiff's wounds *Id*. at 4. Plaintiff had three wounds that required a total of 42 stitches. *Id*. at 4, 6. According to Plaintiff, Dr. Scoggins commented that "he should have agreed with the assessment of the medical staff from the prior phone call to his residence and allow[ed] Plaintiff to be transported to an outside hospital." *Id*. at 4. Plaintiff alleges that Dr. Scoggins "knew by most standards he waited too long to stitch Plaintiff['s] wounds." *Id*. Plaintiff provides no further information concerning his wounds or medical care.

Based on the foregoing allegations, Plaintiff claims that each Defendant was deliberately indifferent to his serious medical need. Specifically, Plaintiff asserts that Everett "deprived Plaintiff of medical treatment after snapping pictures" of his injuries. *Id*. at 6. Plaintiff asserts that Dr. Scoggins unnecessarily delayed medical treatment. *Id*. at 4. Plaintiff asserts that Roger acquiesced in Dr. Scoggins's decision not to send Plaintiff to a hospital, and that she failed to treat his wounds with medication and sanitized pads. *Id*. at 4. Plaintiff asserts that Jodom failed to "proper[l]y treat Plaintiff['s] wounds." *Id*. at 6. Plaintiff asserts that Centurion had a policy of exercising caution in dispensing medication. *Id*. at 4-5.

Plaintiff is suing Defendants in their official capacities for violating the Eighth Amendment. *Id*. at 2. As relief, Plaintiff seeks compensatory damages ranging from $750,000.00 to $1.9 million per Defendant, and punitive damages ranging from $1.6 million to $3.8 million per Defendant. *Id*. at 13.

## II.  STANDARD OF REVIEW UNDER 28 U.S.C. § 1915A

Because Plaintiff is a prisoner, the court is required to review his complaint, identify cognizable claims and dismiss the complaint, or any portion thereof, if the complaint "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a)-(b). Dismissals for failure to state a claim are governed by the Rule 12(b)(6) standard. *See* Fed. R. Civ. P. 12(b)(6); *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997).

The court accepts all *well-pleaded* factual allegations of the complaint as true and evaluates all *reasonable* inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994) (emphasis added). However, mere "labels and conclusions" are not accepted as true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (noting that courts "are not bound to accept as true a legal conclusion couched as a factual allegation")); *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009) (conclusory allegations are "not entitled to be assumed true");

*Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1266 (11th Cir. 2009) ("[I]n testing the sufficiency of the plaintiff's allegations, we do not credit . . . conclusory allegations as true." (citing *Iqbal*, 556 U.S. at 681)).

To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The mere possibility that the defendant acted unlawfully is insufficient. *Id.* at 678. The complaint must include "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, that is, "across the line from conceivable to plausible." *Id.* at 570; *see also Iqbal*, 556 U.S. at 678 (reiterating that although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation.").

A complaint also may be dismissed for failure to state a claim "when its allegations, on their face, show that an affirmative defense bars recovery on the claim." *Cottone v. Jenne*, 326 F.3d 1352, 1357 (11th Cir. 2003); *see also Marsh v. Butler County, Alabama*, 268 F.3d 1014, 1022 (11th Cir. 2001); *Jones v. Bock*, 549 U.S. 199, 215 (2007) (reiterating that principle).

## III. Discussion

### A. **<u>Plaintiff's Official-Capacity Damages Claims Against Everett Are Barred by Sovereign Immunity</u>**

Plaintiff seeks to recover $3.9 million from Correctional Officer Everett in his official capacity. As Plaintiff was advised in a prior order requiring him to replead, Doc. 13 at 5-7, a damages claim against an FDC official in his official capacity is barred by Eleventh Amendment sovereign immunity.

"Eleventh Amendment sovereign immunity prohibits federal courts from entertaining suits brought by citizens against a state, including its agencies and departments." *Uberoi v. Supreme Court of Florida*, 819 F. 3d 1311 (11th Cir. 2016) (citations omitted). "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 & n. 10 (1989) (citations omitted).

Because Eleventh-Amendment immunity bars Plaintiff's official-capacity damages claim against Defendant Everett, Plaintiff's claim against this Defendant should be dismissed. *See Kentucky v. Graham*, 473 U.S. 159, 169-70 (1985) (holding that the Eleventh Amendment prohibits actions against state officials acting in their official capacity for monetary damages in federal court); *Edelman v. Jordan*, 415

U.S. 651 (1974) (holding that the Eleventh Amendment bars an award of retrospective relief under § 1983 that would be payable from the state treasury).

## B. Plaintiff's Allegations Fail to State a Plausible Individual-Capacity Claim Against Everett for Violation of the Eighth Amendment

Although Plaintiff explicitly states that he is suing the Defendants only in their official capacities, Doc. 24 at 2, the undersigned has reviewed his allegations for a plausible individual-capacity claim against each Defendant. Plaintiff's allegations do not plausibly show that Everett was deliberately indifferent to Plaintiff's serious medical need.

To state a § 1983 claim for deliberate indifference to a serious medical need, a plaintiff must allege "(1) a serious medical need; (2) the defendants' deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." *Danley v. Allen*, 540 F.3d 1298, 1310 (11th Cir. 2008), *overruled in part on other grounds, Randall v. Scott*, 610 F.3d 701 (11th Cir. 2010). Deliberate indifference has three components: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." *Farrow v. West*, 320 F.3d 1235, 1245 (11th Cir. 2003) (quotations omitted).

Deliberate indifference is not established "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of

serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). In other words, the official must act with "obduracy and wantonness, not inadvertence or error in good faith." *Adams v. Poag*, 61 F.3d 1537, 1543 (11th Cir. 1995) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)).

"[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." *Farmer*, 511 U.S. at 838 (rejecting assertion that "a prison official who was unaware of a substantial risk of harm to an inmate may nevertheless be held liable under the Eighth Amendment if the risk was obvious and a reasonable prison official would have noticed it."). "Additionally, an official who actually knew of a substantial risk to the inmate's health may be shielded from liability so long as [ ]he 'responded reasonably to the risk.'" *Kruse v. Williams*, 592 F. App'x 848, 856 (11th Cir. 2014) (quoting *Farmer*, 511 U.S. at 844).

Here, Plaintiff does not allege that Everett—a correctional officer—personally participated in the decisions concerning his medical care. Plaintiff alleges only that Everett saw his injuries because he documented them. Everett cannot be held liable for a constitutional violation that he did not cause. *See Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986) (requiring "proof of an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation" (citation omitted)).

Furthermore, even if Everett acquiesced in Dr. Scoggins's decision not to transport Plaintiff to a hospital, that allegation is insufficient to establish deliberate indifference. Everett relied on a physician's clinical assessment that Plaintiff could be treated in the morning, and Plaintiff fails to show that Everett knew that relying on that assessment and placing Plaintiff in a medical isolation cell until morning posed a substantial risk to his health. *Compare Howell v. Evans*, 922 F.2d 712, 723 (11th Cir. 1991), *vacated by settlement*, 931 F.2d 711 (11th Cir. 1991), *reinstated by order*, 12 F.3d 190 (11th Cir. 1994) (stating that prison officials may rely on medical personnel for clinical determinations); *and Salter for Estate of Salter v. Mitchell*, 711 F. App'x 530, 539-41 (11th Cir. 2017) (holding that jail administrator and corrections officer were not deliberately indifferent to inmate's suicide risk because they based their actions on an experienced physician's recommendations, and the record did not show that they thought they were providing grossly inadequate care at the time), *and Acosta v. Watts*, 281 F. App'x 906, 908 (11th Cir. 2008) (dismissing prisoner's medical deliberate indifference claim against prison administrative official where official's denial of prisoner's administrative appeal and request for surgery was grounded in a decision made by medical personnel), *with Goebert v. Lee County*, 510 F.3d 1312, 1327-28 (11th Cir. 2007) (holding that jail commander exceeded gross negligence in answering pregnant pretrial detainee's complaint about lack of treatment for persistent leaking of amniotic fluid; jail commander knew of

medical facts *and jail doctor's recommendation that detainee be seen by outside obstetrician*, but told inmate that she could visit an outside physician only if she could pay for it).

Thus, even liberally construing Plaintiff's fourth amended complaint as also asserting an individual-capacity claim against Everett for violation of the Eighth Amendment, Plaintiff's allegations do not plausibly show that Everett was deliberately indifferent to Plaintiff's serious medical need.

**C.    Plaintiff's Allegations Fail to State a Plausible Official-Capacity Claim under Section 1983 Against Dr. Scoggins, Jodom, Roger, and Centurion Health for Violation of the Eighth Amendment**

Plaintiff seeks to hold Centurion liable (outright and through official-capacity claims against Dr. Scoggins, Jodom, and Roger) for the alleged medical deliberate indifference of its employees based on an allegation that Centurion's policy required medical personnel to exercise caution in dispensing medication. Plaintiff explains:

> Defendant Centurion Health/employed under contract by Florida Department of Corrections as health provider for all medical departments including Desoto Correctional Institution/Jackson correctional Institution. The medical staff have a non-compliant history of not providing appropriate health care to Plaintiff. This company is for profit and have a policy in place that cause for caution of issuing medication which serious medical needs deliberate indifference to serious medical needs that may occur in the prison system statewide as had occurred to this Plaintiff.

Doc. 24 at 4-5.

An employing entity like Centurion cannot be held liable under § 1983 for an employee's actions based on vicarious liability or *respondeat superior*. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978) (holding that an employing entity—there a city—"may not be sued under § 1983 for an injury inflicted solely by its employee or agents."); *Cottone*, 326 F.3d at 1360.

Instead, to impose liability on Centurion under § 1983, Plaintiff must show that (1) his Eighth-Amendment right was violated; (2) Centurion had a custom or policy that constituted deliberate indifference to that right; and (3) the custom or policy caused the violation. *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004); *Monell*, 436 U.S. at 694 (holding that an employing entity is liable under § 1983 for an employee's constitutional violation only if the violation was based on the entity's policy or custom, or if the employee was one whose edicts or acts could fairly be said to represent official policy); *Buckner v. Toro*, 116 F.3d 450, 452-53 (11th Cir. 1997) (explaining that the *Monell* policy or custom requirement applies to entities performing traditional state functions); *see also, e.g., Brennan v. Headley*, 807 F. App'x 927, 937 (11th Cir. 2020) ("Corizon, as a private entity that contracts with the state to provide medical services to inmates, is treated as a municipality for purposes of § 1983 claims."); *Smith v. Salter*, 794 F. App'x 817, 821 (11th Cir. 2019) ("To prevail on a § 1983 claim against a company that has contracted to provide

medical care to prisoners, [the prisoner/plaintiff] must establish that his injury was the result of a policy or custom.").

Plaintiff must "identify a [Centurion] policy or custom that caused his injury." *McDowell*, 392 F.3d at 1290 (internal quotation marks and citations omitted). This "threshold identification of a custom or policy" ensures that Centurion is held liable only for those deprivations resulting from official policy, and it "prevents the imposition of liability based upon an isolated incident." *Id*.

Plaintiff's claim against Centurion fails for three reasons. First, Plaintiff's bare assertion—that Roger's and Jodom's *deliberate indifference* resulted from a policy of exercising *caution* in dispensing medication—is both conclusory and contradictory, as exercising caution requires carefulness and is objectively reasonable. *See Iqbal*, 556 U.S. at 681 (a plausible claim for relief requires more than conclusory allegations); *Truss v. Warden*, 684 F. App'x 794, 797 (11th Cir. 2017) ("[T]he existence of reasonable policies . . . constitutes evidence that the prison defendants were not deliberately indifferent.").

Second, as discussed below, Plaintiff's allegations fail to establish that Roger and Jodom violated Plaintiff's Eighth-Amendment right with regard to dispensing medication for Plaintiff's wounds. *See* discussion *infra* Sections III.D., III.E. An analysis of Centurion's medication policy, therefore, is unnecessary. *See Garczynski v. Bradshaw*, 573 F.3d 1158, 1170 (11th Cir. 2009) (holding that if no constitutional

violation has occurred, the court need not consider whether the municipality's training of its employees violated plaintiffs' constitutional rights); *Rooney v. Watson*, 101 F.3d 1378, 1381 (11th Cir. 1996) ("[A]n inquiry into a governmental entity's custom or policy is relevant only when a constitutional deprivation has occurred."); *see also, e.g., Manseau v. City of Miramar*, 395 F. App'x 642, 646 (11th Cir. 2010) ("Plaintiffs stated no denial of a constitutional right. The absence of a constitutional violation by the individual Defendants makes it unnecessary for us to consider whether the City was subject to municipal liability for failure to train its employees or because of a custom or policy."); *Troyanos v. Coats*, 372 F. App'x 932, 936 (11th Cir. 2010) ("We are not required to inquire about [the sheriff's] customs or policies for treating mentally ill inmates because the complaint failed to state a claim that jail officials violated Troyanos's constitutional rights.").

Third, Plaintiff fails to show a causal connection between the alleged medication policy and Dr. Scoggins's decision not to transport Plaintiff to a hospital. *See Monell*, 436 U.S. at 694 (requiring proof of an affirmative causal connection between the policy and the alleged constitutional deprivation).

Because Plaintiff's complaint fails to state a plausible claim for relief against Centurion under § 1983, his claim against this Defendant also should be dismissed (including the official-capacity claims against Dr. Scoggins, Roger, and Jodom).

D.  **Plaintiff's Allegations Fail to State a Plausible Individual-Capacity Claim Against Nurse Roger for Violation of the Eighth Amendment**

Plaintiff alleges that Nurse Roger was deliberately indifferent to his serious medical need when she followed Dr. Scoggins's directions to keep Plaintiff in the medical department until Dr. Scoggins returned in the morning. Plaintiff asserts that Roger's conduct was unreasonable because she initially had recommended to Dr. Scoggins that Plaintiff be transported to a hospital. Doc. 24 at 4 (alleging that Roger "agreed with the Plaintiff being placed in an isolation cell inside the medical department to await the arrival of the doctor in the morning of the next day"). Plaintiff also complains that Roger (1) did not "give any medication to Plaintiff's wounds" and (2) "offered no sanitized pads to cover the wounds on Plaintiff to keep infections from Hepatitis C." *Id*. at 4.

According to the facts alleged by Plaintiff, Roger was not deliberately indifferent to Plaintiff's injuries. Roger contacted the prison physician, described Plaintiff's injuries, and implemented the physician's prescribed course of treatment. That was a reasonable response. The fact that Roger initially thought Plaintiff should go to a hospital does not indicate that her reliance on Dr. Scoggins's subsequent assessment was in bad faith, or that she knew that following his recommendation posed a substantial risk to Plaintiff's health. *See Adams*, 61 F.3d at 1543 (the official

must act with "obduracy and wantonness, not inadvertence or error in good faith"); *Farmer*, 511 U.S. at 844.

Consistent with Dr. Scoggins's instructions, Roger admitted Plaintiff to the medical department and placed him in an isolation cell. Plaintiff believes that Roger also should have applied "medication" and "sanitized pads" to his wounds to avoid a Hepatitis C infection, but he has not shown that Roger knew that there was an excessive risk of infection—in the medical isolation cell—without those precautions. *Farrow*, 320 F.3d at 1245. An allegation that Roger "should have perceived the risk, but did not, is insufficient." *Campbell v. Sikes*, 169 F.3d 1353, 1364 (11th Cir. 1999). "Mere incidents of negligence or malpractice" in treating a medical condition "do not rise to the level of constitutional violations." *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991) (citing *Estelle v. Gamble*, 429 U.S. 97, 104-106 (1976)); *see also Goodman v. Kimbrough*, 718 F.3d 1325, 1332 (11th Cir. 2013) (noting that the deliberate indifference standard "is far more onerous" than the negligence standard); *Taylor v. Adams*, 221 F.3d 1254, 1258 (11th Cir. 2000) (explaining that the deliberate indifference standard requires a prisoner to prove that the official's response was so inadequate as to "constitute an unnecessary and wanton infliction of pain" and was not "merely accidental inadequacy, negligence in diagnosis or treatment, or even medical malpractice actionable under state law").

Plaintiff's allegations do not plausibly show that Roger was deliberately indifferent to the injuries he sustained from the inmate assault. Plaintiff's failure to establish that Roger acted with a "sufficiently culpable state of mind" warrants dismissal of his Eighth-Amendment claim. *See Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004).

E. **Plaintiff's Allegations Fail to State a Plausible Individual-Capacity Claim Against Nurse Jodom for Violation of the Eighth Amendment**

Plaintiff's fourth amended complaint is devoid of any mention of Nurse Jodom, except for this statement: "Defendant Jodom showed a deliberate indifferent [sic] also constitute 8th Amendment, 14th Amendment cruel and unusual punishment with a neglect of her duty by not property [sic] treating Plaintiff wounds." Doc. 24 at 6. This formulaic recitation of a medical deliberate indifference claim—devoid of any supporting facts—is insufficient to state a claim under the Eighth Amendment. *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Plaintiff's Eighth-Amendment claim against Jodom should be dismissed for failure to state a claim upon which relief can be granted. *See, e.g., Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) (affirming dismissal of prisoner-plaintiff's Eighth Amendment claims against two prison officials because prisoner's complaint alleged no facts describing how either was deliberately indifferent to

plaintiff's health or safety (citing *Farrow*, 320 F.3d at 1245-46)); *Stevens v. Osuna*, 877 F.3d 1293, 1309-10 (11th Cir. 2017) (dismissing *Bivens* claim against federal employee because the plaintiff's "unsupported conclusory assertions" that the defendant violated the Constitution "fail to satisfy the federal pleading standard").

## IV. CONCLUSION

For the reasons stated above, the undersigned respectfully **RECOMMENDS** that:

1. Plaintiff's individual and official-capacity claims against Supervisor Everett, Nurse Roger, Nurse Jodom and Centurion Health be **DISMISSED** with prejudice under 28 U.S.C. § 1915A(b), for failure to state a claim upon which relief can be granted.

2. Plaintiff's official-capacity claim against Dr. Scoggins be **DISMISSED** with prejudice under 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief can be granted.

3. This case be remanded to the undersigned for further proceedings on Plaintiff's individual-capacity Eighth-Amendment claim against Dr. Scoggins.

At Panama City, Florida, this 7th day of July, 2022.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**