UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

KENNETH MOUZON,

    Plaintiff,

v.                                     Case No.  5:21-cv-95-MCR-MJF

AARON SCOGGINS,

    Defendant.
                                    /

**REPORT AND RECOMMENDATION**

Plaintiff Kenneth Mouzon, a Florida prisoner proceeding *pro se*, has filed a fourth amended civil rights complaint under 42 U.S.C. § 1983. Doc. 24. The sole remaining Defendant in this action—Aaron Scoggins—moves to dismiss the complaint on four grounds, including that Mouzon failed to exhaust his administrative remedies. Doc. 76. Mouzon opposes dismissal. Doc. 79. Because Mouzon failed to exhaust his administrative remedies, the District Court should grant Scoggins's motion to dismiss.

I.    **ALLEGATIONS OF MOUZON'S FOURTH AMENDED COMPLAINT**

Mouzon is an inmate of the Florida Department of Corrections ("FDC") confined at the Martin Correctional Institution. Doc. 56. The

events giving rise to this lawsuit occurred at the Jackson Correctional Institution. Doc. 24.

Mouzon's fourth amended complaint named five Defendants: Correctional Officer Everett, Dr. Aaron Scoggins, LPN Jodom, RN Roger, and Centurion Health. Doc. 24 at 2. On August 9, 2022, Mouzon's claims against Everett, Jodom, Roger and Centurion Health were dismissed with prejudice, as was Mouzon's official-capacity claim against Scoggins. Doc. 31. The case was returned to the undersigned for further proceedings on Mouzon's individual-capacity Eighth-Amendment claim against Scoggins. *Id*.

Mouzon alleges that on October 12, 2019, another inmate stabbed him. Doc. 24 at 3. Sergeant Jason Barwick witnessed the attack. *Id*. Mouzon was taken to the medical department where Everett photographed Mouzon's injuries. *Id*. at 6.

No physician was on duty in the medical department. Nurse Roger called Scoggins at his residence, described Mouzon's injuries, and recommended that Mouzon be transported to a hospital. *Id*. at 3-4. Scoggins advised Roger to place Mouzon in an isolation cell in the medical

department until Scoggins's arrival the next morning. *Id*. at 4. Roger followed Scoggins's instructions. *Id*. at 4.

The following morning Scoggins sutured Mouzon's wounds *Id*. at 4. Mouzon had three wounds that required a total of 42 stitches. *Id*. at 4, 6. According to Mouzon, Scoggins commented that "he should have agreed with the assessment of the medical staff from the prior phone call to his residence and allow[ed] Plaintiff to be transported to an outside hospital." *Id*. at 4. Mouzon alleges that Scoggins "knew by most standards he waited too long to stitch Plaintiff['s] wounds." *Id*. Mouzon provides no further information concerning his wounds or medical care.

Based on the foregoing allegations, Mouzon claims that Scoggins violated the Eighth Amendment by unnecessarily delaying medical treatment for Mouzon's injuries. *Id*. at 3-6, 9-12. Mouzon does not assert a state-law medical negligence or medical malpractice claim. *Id*. As relief, Mouzon seeks compensatory damages of $1.9 million and punitive damages of $2.7 million against Scoggins. *Id*. at 13.

## II. SCOGGINS'S MOTION TO DISMISS

Scoggins moves to dismiss Mouzon's complaint on four grounds: (1) Mouzon's allegations fail to state a plausible claim for medical deliberate

indifference under the Eighth Amendment; (2) Mouzon failed to comply with Florida's pre-suit notice and screening requirements for a state-law medical malpractice or medical negligence claim; (3) Mouzon failed to exhaust available administrative remedies regarding his Eighth-Amendment claim; and (4) Mouzon is not entitled to punitive damages. Doc. 76. Mouzon opposes dismissal. Doc. 79.

### III. MOUZON FAILED TO EXHAUST ADMINISTRATIVE REMEDIES

#### A. The PLRA's Exhaustion Requirement

"No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, whether they allege excessive force or some other wrong, and whether they seek injunctive relief, monetary damages, or both. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002).

Exhaustion of available administrative remedies is a mandatory pre-condition to suit. *See Booth v. Churner*, 532 U.S. 731, 739 (2001)

("The 'available' 'remed[y]' must be 'exhausted' before a complaint under § 1983 may be entertained."); *see also Porter*, 534 U.S. at 524-25. In short, "a prisoner must complete the administrative review process in accordance with applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford v. Ngo*, 548 U.S. 81, 88 (2006).

Generally, the FDC's administrative remedy program requires an inmate to: (1) file an informal grievance with a designated prison staff member, (2) file a formal grievance at the institutional level with the Warden's office, and (3) submit an appeal to the Office of the Secretary (through the Bureau of Policy Management and Inmate Appeals in the FDC's Central Office). *See* Fla. Admin. Code rr. 33-103.005 to 33-103.007; *see also Parzyck v. Prison Health Servs., Inc.*, 627 F.3d 1215, 1218 (11th Cir. 2010).

## B.     The Framework for Evaluating an Exhaustion Defense

A failure to exhaust administrative remedies is an affirmative defense that the defendant bears the burden of proving. *See Jones v. Bock*, 549 U.S. 199, 216 (2007); *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008). In *Bryant v. Rich*, 530 F.3d 1368 (11th Cir. 2008), the

Eleventh Circuit outlined the procedure district courts must follow when presented with a motion to dismiss for failure to exhaust administrative remedies under the PLRA. The defense of failure to exhaust should be treated as a matter in abatement. *Id.* at 1374. "This means that procedurally the defense is treated 'like a defense for lack of jurisdiction,' although it is not a jurisdictional matter." *Turner*, 541 F.3d at 1082 (quoting *Bryant*, 530 F.3d at 1374). Because exhaustion is a matter in abatement, "it should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment." *Bryant*, 530 F.3d at 1374-75 (citation and internal quotation omitted).

Deciding a motion to dismiss for failure to exhaust administrative remedies involves two steps. *See Turner*, 541 F.3d at 1082. First, the court looks to the factual allegations in the defendant's motion, and those in the plaintiff's response. *See id.* at 1082. If they conflict, the court accepts the plaintiff's version of the facts as true. "If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." *Id.* at 1082; *see also Bryant*, 530 F.3d at 1373-74.

If the complaint is not subject to dismissal at the first step, where the plaintiff's allegations are assumed to be true, "the court proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion." *Turner*, 541 F.3d at 1082 (citing *Bryant*, 530 F.3d at 1373-74, 1376). Upon making findings on the disputed issues of fact, the court then decides whether, under those findings, the plaintiff has exhausted his available administrative remedies. *See, e.g., Singleton v. Dep't of Corr.*, 323 F. App'x 783, 785 (11th Cir. 2009) ("A district court may properly consider facts outside of the pleadings to resolve a factual dispute regarding exhaustion where the factual dispute does not decide the merits and the parties have a sufficient opportunity to develop the record." (citing *Bryant*, 530 F.3d at 1376)).

## C.  Application of the *Turner* Procedure

### 1.  *The First Step of the Turner Procedure*

The factual allegations of Scoggins's motion to dismiss conflict with those in Mouzon's response to the motion. Scoggins's motion to dismiss asserts that "it does not appear Plaintiff filed any informal/formal grievances pertaining to the allegations against Defendant Scoggins." Doc. 76 at 10. Scoggins also alleges that Mouzon "failed to file any

administrative appeals following any denial and thus, failed to exhaust his administrative remedies." *Id.* at 10.

Mouzon's fourth amended complaint includes the following allegations concerning exhaustion. Doc. 24. On October 18, 2019, Mouzon wrote an informal grievance pertaining to "the incident" and placed it in the crack of his cell door as instructed by an officer. *Id.* at 6-7. An officer collected the informal grievance. *Id.* at 7. After receiving no response, Mouzon wrote a second informal grievance on October 30 or 31, 2019. *Id.* at 7. A different officer collected the informal grievance. *Id.* Mouzon then was transferred to the DeSoto Correctional Institution. *Id.* at 7.

While housed at DeSoto CI, Mouzon wrote a formal grievance. The grievance was assigned Formal Grievance Log #1912-564-023. *Id.* at 8. A prison official at DeSoto CI—Assistant Warden Norwood—responded to the formal grievance on December 10 or 11, 2019. *Id.* at 8. Mouzon believes that the grievance should have been answered by an official at Jackson CI and characterizes Norwood as "intercept[ing]" the grievance and "interfering with grievance process, to cover up the incident." *Id.* at 8. Mouzon's characterization, however, is mistaken. The FDC's administrative remedy program *required* the staff at DeSoto CI to

respond to Mouzon's formal grievance, because that is where Mouzon was housed at the time he filed the formal grievance. *See* Fla. Admin. Code r. 33-103.015(4).[1]

Mouzon alleges that while at DeSoto CI, he "continue[d] to write grievances pertaining to incident on Oct. 12, 2019." Doc. 24 at 8. Mouzon makes reference to "grievances attached to U.S.C. 42 1983 civil suit." *Id.* None of Mouzon's amended complaints filed in this case attached any grievances. *See* Docs. 1, 4, 11, 20, 24.

---

[1] Rule 33-103.015(4) provides:

> (4) All informal and formal grievances, except those administrative appeals filed directly with the Office of the Secretary, must be filed at the institution or facility to which the inmate is presently assigned. "Presently assigned" means the institution or facility in which the inmate is housed at the time he files either the informal or formal grievance. **When either the informal or formal grievance complaint concerns an informal or formal grievance that occurred at another location, it shall remain the responsibility of the staff at the inmate's present location to handle the informal or formal grievance.** The final resolution of the informal or formal grievance is the responsibility of the warden at the institution to which the inmate is presently assigned. Direct contact with outside staff may be necessary in resolving the informal or formal grievance.

*Id.* (emphasis added).

Mouzon also included allegations concerning exhaustion in his response to Scoggins's motion to dismiss. Doc. 79. Mouzon alleges that the informal grievance he filed at Jackson CI concerned "Plaintiff being stabbed at Jackson C.I. on October 12, 2019." *Id.* at 1. Mouzon does not indicate that that informal grievance—or even the second informal grievance—addressed a delay in medical care for his injuries. Mouzon reiterates that a formal grievance was filed at DeSoto CI and assigned grievance Log #1912-564-023. Mouzon describes that formal grievance as "concerning his medical need pertaining to his medical deliberate indifference." Doc. 79 at 2. Mouzon alleges that Norwood responded to that grievance, but Mouzon does not describe Norwood's response. *Id.* at 2.[2] Mouzon also does not address Scoggins's allegation that Mouzon did not file any administrative appeals with the Office of the Secretary concerning the delay in treatment for his stab wounds.

Taking Mouzon's allegations on their face and assuming they are true, Mouzon's complaint is not subject to dismissal at the first step of

---

[2] Again, Mouzon mischaracterizes the fact that Norwood responded to the grievance as Norwood improperly "intercepting" and "tampering" with the grievance. *Id.* at 2-3. As noted earlier, Norwood was complying with the FDC's administrative procedures.

the *Turner* analysis. Mouzon alleges that Formal Grievance Log #1912-564-023 raised the medical-deliberate indifference claim. Neither Scoggins's motion to dismiss—nor Mouzon's response—attached a copy of Formal Grievance Log #1912-564-023 or described the outcome of that grievance to determine whether an appeal was required. *See* Doc. 76; Doc. 79.

Given the parties' conflicting allegations concerning exhaustion, the court must proceed to the second *Turner* step of resolving the disputed factual issues. For this step, the court has the benefit of a supplemented record.

### 2. *The Supplemented Record of Mouzon's Grievances*

The parties have supplemented the record with copies of relevant grievances and appeals. Doc. 84 (Mouzon's Suppl.); Doc. 85 (Scoggins's Suppl.).

### (a). <u>Mouzon's Supplement</u>

Mouzon provided a copy of an appeal he filed with the Office of the Secretary on December 27, 2019. Doc. 84 at 3. That appeal was assigned Appeal Log #20-6-00081. *Id.* at 3. In that appeal, Mouzon referenced the denial of three grievances: Formal Grievance Log #1912-564-023, Formal

Grievance Log #1912-564-0129, and Informal Grievance Log #104-191778. *Id.* at 3.

Mouzon did not provide a copy of the Secretary's response to Appeal Log #20-6-00081. *Instead*, Mouzon provided a copy of the Secretary's response to a *subsequent* appeal, Appeal Log #20-6-03181. Doc. 84 at 2. It appears that Mouzon filed Appeal Log #20-6-03181 on January 16, 2020, *after* Appeal Log #20-6-00081 was returned on procedural grounds. The Secretary's response to Appeal Log #20-6-03181 states:

> Your request for administrative appeal has been received in non-compliance with Chapter 33-103.014(i), which states that the appeal must be received in the Office of the Secretary within fifteen calendar days from the date the response to the formal grievance is returned to the inmate.
>
> Appeal #20-6-00081 did not grant any additional time to refile your appeal.
>
> Therefore, your appeal is being returned without action.

Doc. 84 at 2. Mouzon has not identified any other grievance or appeal that purportedly exhausted his medical-deliberate-indifference claim against Scoggins.

**(b). <u>Scoggins's Supplement</u>**

Scoggins supplemented his motion to dismiss with the following documents:

● A copy of Mouzon's Appeal Log #20-6-00081 and the Secretary's response. Doc. 85-1, Ex. A; Doc. 85-2, Ex. B at 22-30. This was Mouzon's initial appeal of Formal Grievance Log #1912-564-023, Formal Grievance Log #1912-564-0129, and Informal Grievance Log #104-191778. The appeal record includes a copy of Mouzon's Formal Grievance Log #1912-564-023 and the institutional response, Doc. 85-2, Ex. B at 26-27, as well as a copy of Mouzon's Formal Grievance Log #1912-564-0129 and the institutional response, Doc. 85-2, Ex. B at 24-25.

● Copies of all medical grievances and appeals Mouzon filed after October 12, 2019. Doc. 85-2, Ex. B at 1-21.

● The FDC's Grievance Appeal Log listing all appeals Mouzon filed with the Office of the Secretary from March 1, 2019, to November 1, 2022. Doc. 85-3, Ex. C.

**3.   *The Second Step of the Turner Procedure***

Upon review of the supplemented record, the undersigned makes the following factual findings related to exhaustion. Mouzon did not file any grievance or appeal relating to the alleged delay in treating or suturing his stab wounds. *See* Doc. 84; Doc. 85-1, Ex. A; Doc. 85-2, Ex. B; Doc. 85-3, Ex. C. The grievances and appeals Mouzon identifies as exhausting his medical-deliberate-indifference claim related only to

Barwick's conduct during the stabbing incident. *See* Doc. 84; Doc. 85-1, Ex. A; Doc. 85-2, Ex. B at 22-29. Mouzon's grievances and appeals did not mention the alleged delay in medical treatment for Mouzon's stab wounds. *Id.*

In an abundance of caution, the undersigned also reviewed the separate medical grievances Mouzon filed after October 12, 2019. Doc. 85-2, Ex. B at 1-21. Mouzon did not file any medical grievance relating to the delay in treating his stab wounds. The only medical-related grievances and appeals Mouzon filed after October 12, 2019, concerned: (1) Mouzon's dentures; (2) a rash on Mouzon's nose; (3) a bump in Mouzon's mouth; (4) blood pressure medication; and (5) Crohn's disease. Doc. 85-2, Ex. B at 1-21.[3]

Based on the foregoing findings, the undersigned concludes that Mouzon did not exhaust his available administrative remedies concerning his Eighth-Amendment medical-deliberate-indifference claim. Accordingly, Mouzon's claim again Scoggins must be dismissed. *See* 42 U.S.C. § 1997e(a); *see also, e.g., Lyons v. Trinity Servs. Grp., Inc.*,

---

[3] All of these medical grievances and appeals were filed in 2022 and 2023, which is long after Mouzon filed this lawsuit in April 2021.

401 F. Supp. 2d 1290, 1295 (S.D. Fla. 2005) (Florida prisoner failed to exhaust available administrative remedies prior to bringing his § 1983 retaliation claim, because he did not submit any grievance pertaining to the alleged retaliation before filing suit).

## IV. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. Defendant Scoggins's motion to dismiss, Doc. 76, be **GRANTED**.

2. Plaintiff's individual-capacity claim against Defendant Scoggins be **DISMISSED** for failure to exhaust administrative remedies.

3. The District Court enter judgment in favor of all Defendants in accordance with the order dated August 9, 2022, Doc. 31, and in accordance with the order adopting this Report and Recommendation.[4]

---

[4] In an order dated August 9, 2022, the District Court dismissed Plaintiff's individual and official-capacity claims against Defendants Everett, Roger, Jodom, and Centurion under 28 U.S.C. § 1915A(b), for failure to state a claim on which relief may be granted. Doc. 31. In an order of August 9, 2022, the District Court dismissed Plaintiff's official-capacity claim against Defendant Scoggins under 28 U.S.C. § 1915A(b) for failure to state a claim. Doc. 31.

4. The District Court close this case file.

At Panama City, Florida, this 21st day of February, 2024.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to make recommendations regarding dispositive matters.** *See* **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only.</u> A party must serve a copy of any objections on all other parties. A party who fails to object to this report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**